**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| MARY SATING, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:14-cv-01395-TJC-JBT |
| RAYONIER INC., PAUL G. BOYNTON, HANS E. VANDEN NOORT, DAVID L. NUNES, and H. EDWIN KIKER | ) ) ) ) | |
| Defendants. | ) ) ) | |

| | | |
|---|---|---|
| SAMUEL KEASLER, individually and on Behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:14-cv-01398-TJC-PDB |
| RAYONIER INC., PAUL BOYNTON, HANS E. VANDEN NOORT, DAVID L. NUNES, and H. EDWIN KIKER, | ) ) ) ) | |
| Defendants. | ) ) ) | |

| | | |
|---|---|---|
| LAKE WORTH FIREFIGHTERS' PENSION TRUST FUND, on behalf of itself and all others similarly situated; | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:14-cv-01403-TJC-MCR |
| RAYONIER INC., PAUL BOYNTON, HANS E. VANDEN NOORT, H. EDWIN KIKER, and DAVID L. NUNES, | ) ) ) ) | |
| Defendants. | ) ) ) | |

MICHAEL CHRISTIE, Individually and on )
Behalf of All Others Similarly Situated; )
)
       Plaintiff, )
)
   v. )  Case No.  3:14-cv-01429-TJC-MCR
)
RAYONIER INC., PAUL G. BOYNTON, )
DAVID L. NUNES, H. EDWIN KIKER, and )
HANS E. VANDEN NOORT, )
)
      Defendants. )
)

WILL BROWN, individually and on )
Behalf of all others similarly situated, )
)
      Plaintiff, )
)
)  Case No.  3:14-cv-01474-TJC-JRK
RAYONIER INC., DAVID NUNES, )
PAUL BOYNTON, HANS E. VANDEN )
NOORT, and H. EDWIN KIKER, )
)
      Defendants. )
)

## RENEWED AGREED MOTION TO CONSOLIDATE AND DESIGNATE CAPTION FOR RELATED CASES

The undersigned parties hereto respectfully move this Court for an Order  pursuant to Federal Rule of Civil Procedure 42 and Local Rule 3.05 of this Court (a) consolidating the five captioned putative securities class actions, (b) designating a caption for the consolidated case(s), (c) setting initial deadlines as to the filing (or designation by the plaintiffs) of a consolidated complaint and responses thereto, and (d) requiring that the parties prepare a Case Management Report pursuant to Local Rule 3.05, and related relief, so that the Court may hold a preliminary pretrial conference and enter a scheduling order appropriate to the circumstances of the consolidated cases.

**PROCEDURAL HISTORY**

The five captioned putative securities class actions are substantially similar cases pending against the same Defendants and asserting the same claims in connection with the same securities. The *Sating* action, filed on November 12, 2014, was the first filed action and was originally assigned to Judge Howard. *Keasler* and *Christie* were transferred to Judge Howard by Orders of this Court on December 11 and 12, 2014 (Doc. Nos. 12 and 10, Davis, J.). *Lake Worth* was transferred to Judge Howard by Order of this Court on December 12, 2014 (Doc. No. 14, Schlesinger, S. J.). *Sating*, *Keasler*, *Lake Worth* and *Christie* were then reassigned to Judge Corrigan by Order of this Court on December 19, 2014 (Doc. Nos. 28, 16, 16, and 14, Howard, J.).

*Brown* was originally filed in the United States District Court for the Southern District of New York, and was transferred by that Court to this Court by Order of December 10, 2014 (Doc. No. 8). *Brown* was assigned to Judge Corrigan upon transfer to this Court, so that all five actions currently are pending before Judge Corrigan.

On December 10, 2014, the parties in *Sating*, *Keasler*, *Lake Worth* and *Christie* moved this Court for an Order (a) transferring *Keasler*, *Lake Worth* and *Christie* to Judge Howard, (b) consolidating all four cases and any subsequently filed or transferred cases raising the same or similar issues, (c) providing a common caption for the cases, (d) setting out various deadlines relating to the response to a consolidated complaint, and (e) providing for a date for a preliminary pretrial conference, and related relief. (Agreed Motion to Transfer and Consolidate Related Cases and Designate Caption for Related Cases, Doc. Nos. 20-1, 10-1, 13-1, and 8-1, respectively.) The contemplated Order would also have suspended

the time for all defendants to respond to the complaints filed and served herein until after a consolidated complaint has been filed (or designated by the plaintiffs).

After *Brown* was transferred to this Court on December 12, 2014, and no Order having been entered disposing of the Agreed Motion to Transfer and Consolidate Related Cases, the parties in *Brown* filed a Consent Motion to Transfer the case to Judge Howard, pursuant to Local Rule 1.04(b), on December 16, 2014 (Doc. No. 17-1).

After *Sating*, *Keasler*, *Lake Worth* and *Christie* were reassigned to Judge Corrigan, this Court on December 23, 2014 denied the Agreed Motion to Transfer and Consolidate Related Cases as moot to the extent that it requested the transfer of those cases to one district judge, and denied the Consent Motion to Transfer in *Brown* for the same reason.  The Agreed Motion to Transfer and Consolidate Related Cases was otherwise held under advisement by the Court. The Court also directed the parties to file by January 12, 2015 a joint notice advising the Court of the parties' position on whether *Brown* should be included in the proposed consolidated proceeding and setting forth any disagreement of the parties in that respect.

The Court's Order of December 23, 2014 also dealt with the filing of Amended Complaints in *Sating*, *Lake Worth* and *Christie*.  The original Complaints in those three actions were stricken by Orders of this Court on December 15, 2014 (Doc. Nos. 26, 15 and 12, Howard, J.), which further required plaintiffs in those cases to file amended complaints by January 20, 2015 and required defendants to respond to the amended complaints "in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure." This

Court's Order of December 23, 2014 suspended those deadlines until further Order of the Court.[1]

In order to comply with this Court's directive set forth in the Order of December 23, 2014, the parties in *Brown* have submitted simultaneously herewith a Joint Report, which states all parties concur that *Brown* should be included in the proposed consolidated proceeding.   Because of the length of time which has passed since the parties in *Sating*, *Keasler*, *Lake Worth* and *Christie* made their Agreed Motion to Transfer and Consolidate Related Cases, and to avoid any confusion as to their positions on how the case should proceed, all parties join in this motion, which renews their request that the matters be consolidated under a common caption and that the Court proceed to set deadlines consistent with Local Rule 3.05 for the management of the consolidated cases.

## MEMORANDUM OF LAW

These actions are putative securities class actions governed by the Private Securities Litigation Reform Act of 1995 ("Reform Act").  The Reform Act contemplates the consolidation of all cases filed on behalf of "a class asserting substantially the same claim or claims arising under [the securities acts]." 15 U.S.C. § 78u-4(a)(3)(B)(ii).  Under the Reform Act, any motion to appoint a member or members of the class as lead plaintiff(s) must be filed within 60 days after the publication or notice first announcing the filing of the class-

---

[1] The original Complaint in *Keasler* was stricken by Order of this Court on November 19, 2014 (Doc. No. 4).  The plaintiff in *Keasler* filed an amended complaint on December 5, 2014 in order to comply with the deadline set by the Court (Doc. No. 5), although that amended complaint has not been served on any defendant as of this time.  No order striking the complaint has been entered in *Brown*, and this Court has granted a motion to extend the time for defendants Rayonier Inc., David L. Nunes and Edwin H. Kiker to respond to the *Brown* complaint until February 10, 2014 (Doc. No. 16).

action suit.  15 U.S.C. § 78 u-4(a)(3)(A)(i)(II).  Notice was given on November 12, 2014;

therefore, lead-plaintiff motions must be filed by January 12, 2015.  The Reform Act also

provides that the class member(s) appointed as lead plaintiff(s) selects counsel for the class,

subject to Court approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).  Thus, it is appropriate for the

parties to hold the case management conference after class counsel has been approved by the

Court so that the approved class counsel can participate at the preliminary pretrial hearing.

The parties in these cases move jointly, pursuant to Federal Rule of Civil Procedure

42, to consolidate the five captioned securities class actions and to designate a caption for the

consolidated cases.  The parties would then prepare a Case Management Report pursuant to

Local Rule 3.05 of this Court, so that the Court may hold a preliminary pretrial conference

and enter a scheduling order appropriate to the circumstances of the consolidated cases.[2]

Accordingly, the parties respectfully request that all five of the captioned actions be

consolidated under the following single heading:

**In re Rayonier Inc. Securities Litigation**   )
)
)  **Case No. 3:14-cv-01395-TJC-JBT**
)
)

The parties respectfully request the Order entered by the Court also provide for the

following relief, in order to manage efficiently the process of the appointment of lead

---

[2] *Sating* has been designated a "Track 3" case pursuant to Local Rule 3.05; *Keasler, Lake Worth Firefighters' Pension Trust Fund* and *Christie* have been designated "Track 2" cases. No "Track" designation has yet been made in *Brown*. The parties agree that the cases are properly designated as Track 3 cases, so that a preliminary pretrial conference would be held by the Court pursuant to Local Rule 3.05(c)(3)(B).

counsel, the filing (or designation) of a consolidated complaint, and this Court's requirements

under Local Rule 3.05:

1)   Any subsequently filed or transferred cases raising the same or similar issues against all or some of the Defendants be automatically consolidated with these cases;

2)   The deadline for all Defendants to answer, move or otherwise respond to any of the pending or subsequently filed complaints is postponed and Defendants are only required to answer, move or otherwise respond to the consolidated complaint in accordance with paragraphs 4 and 6 below;

3)   Not later than 60 days after entry of an order appointing lead plaintiff(s) and lead counsel, lead counsel shall (a) serve and file a consolidated complaint, or (b) notify the Court and Defendants' counsel in writing which previously-filed complaint shall serve as the operative complaint;

4)   Defendants shall have 60 days from the date of service of the consolidated complaint (or the written notification described in paragraph 3, above) to move, answer, or otherwise respond to the operative complaint in the consolidated action;

5)   If Defendants choose to file a motion to dismiss the consolidated complaint, any opposition to that motion shall be due 60 days after the motion's filing;

6)   Defendants be granted leave to file a reply brief in support of any motion to dismiss no later than 45 days thereafter; and

7)   The Court set a preliminary pretrial conference after the appointment of lead plaintiff(s) and approval of lead counsel and after any motion to dismiss in accordance with paragraph 4 has been decided and an appropriate Case Management Report has been submitted to the Court.

## **LOCAL RULE 3.01(G) CERTIFICATION**

Counsel for the undersigned parties certify that they have conferred and that all

parties consent to the relief requested by this Motion.

*[Signatures on the pages that follow]*

Dated: January 6, 2015                    Respectfully submitted by,


                                          _/s/Charles M. Trippe, Jr._
                                          Charles M. Trippe, Jr.
                                          Trial Counsel
                                          Florida Bar No. 69760
                                          E-mail:  cmtrippe@mppkj.com
                                          Joni Alexis Poitier
                                          Florida Bar Number No. 0022861
                                          E-mail:  japoitier@mppkj.com
                                          MOSELEY, PRICHARD, PARRISH,
                                          KNIGHT & JONES
                                          501 W Bay Street
                                          Suite 200
                                          Jacksonville, FL 32202
                                          Tel:     904-356-1306
                                          Fax:     904-254-0194

                                          Janine C. Metcalf
                                          *Admitted Pro Hac Vice in*
                                          *Sating v. Rayonier Inc., et al.*
                                          E-mail:  jmetcalf@jonesday.com
                                          Michael J. McConnell
                                          *Admitted Pro Hac Vice in*
                                          *Sating v. Rayonier Inc., et al.*
                                          E-mail:  mmcconnell@jonesday.com
                                          JONES DAY
                                          1420 Peachtree Street, N.E.
                                          Suite 800
                                          Atlanta, Georgia 30309-3053
                                          Tel:  404-521-3939
                                          Fax:  404-581-8330

                                          **Attorneys for Defendants Rayonier Inc., H.
                                          Edwin Kiker, and David L. Nunes**

*/s/Jayne A. Goldstein*
Jayne A. Goldstein
Florida Bar No. 144088
E-mail:  jagoldstein@pomlaw.com
POMERANTZ LLP
1792 Bell Tower Lane
Suite 203
Weston, FL 33326
Tel:     954-315-3454
Fax:     954-315-3455

Jeremy A. Lieberman
*Admitted Pro Hac Vice*
E-mail:  jalieberman@pomlaw.com
Francis P. McConville
*Admitted Pro Hac Vice*
E-mail:  fmcconville@pomlaw.com
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY  10016
Tel:  212-661-1100
Fax:  212-661-8665

Peretz Bronstein
*Admitted Pro Hac Vice*
E-mail:  peretz@bgandg.com
Bronstein, Gewirtz & Grossman, LLC
60 East 42nd Street, Suite 4600
New York, NY  10165
Tel:     212-697-6484
Fax:  212-697-7296

**Attorneys for Plaintiff Mary Sating**

*/s/Christopher S. Polaszek*
Christopher S. Polaszek
Florida Bar Number: 116866
E-mail:  cpolaszek@forthepeople.com
MORGAN & MORGAN, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel:   813- 23-5505
Fax:   813-222-2046

Jeffrey C. Block
*Admitted Pro Hac Vice*
E-mail:  jeff@blockesq.com
Mark A. Delaney
*Admitted Pro Hac Vice*
E-mail:  mark@blockesq.com
Steven P. Harte
*Admitted Pro Hac Vice*
E-mail:  steven@blockesq.com
Jason M. Leviton
*Admitted Pro Hac Vice*
E-mail:  jason@blockesq.com
BLOCK & LEVITON LLP
155 Federal Street, Suite 400
Boston, Massachusetts 02110
Tel:   617-398-5600
Fax:  617-507-6020

**Attorneys for Plaintiff Samuel Keasler**

*/s/Robert D. Klausner*
Robert D. Klausner
Florida Bar No. 244082
E-mail:  bob@robertdklausner.com
KLAUSNER, KAUFMAN, JENSEN &
LEVINSON
10059 Northwest 1st Court
Plantation, FL 33324
Tel:    954-916-1202
Fax:    954-916-1232

Avi Josefson
*Admitted Pro Hac Vice*
E-mail:  avi@blbglaw.com
Gerald H. Silk
*Admitted Pro Hac Vice*
E-mail:  jerry@blbglaw.com
BERNSTEIN, LITOWITZ, BERGER &
GROSSMAN
1285 Avenue of the Americas
38th Floor
New York, NY 10019
Tel:    212-554-1400
Fax:    212-554-1444

**Attorneys for Plaintiff Lake Worth
Firefighters' Pension Trust Fund**

*/s/Lester R. Hooker*
Lester R. Hooker
Florida Bar Number:  32242
E-mail:  lhooker@saxenawhite.com
Joseph E. White, III
Florida Bar Number:  621064
E-mail:  jwhite@saxenawhite.com
SAXENA WHITE, PA
5200 Town Center Circle, Suite 601
Boca Raton, FL  33486-1033
Tel:  561-394-3399
Fax:  561-394-3382

Lionel Z. Glancy
*Admitted Pro Hac Vice*
E-mail:  lglancy@glancylaw.com
Michael Goldberg
*Admitted Pro Hac Vice*
E-mail:  mgoldberg@glancylaw.com
Robert V. Prongay
*Admitted Pro Hac Vice*
E-mail:  rprongay@glancylaw.com
Casey E. Sadler
*Admitted Pro Hac Vice*
E-mail:  csadler@glancylaw.com
GLANCY, BINKOW & GOLDBERG, LLP
1925 Century Park E, Suite 2100
Los Angeles, CA  90067
Tel:  310-201-9150
Fax:  310-201-9160

Howard G. Smith
*Admitted Pro Hac Vice*
E-mail:  hsmith@howardsmithlaw.com
Law Offices of Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA  19020
Tel:  215-638-4847
Fax:  215-638-4867

**Attorneys for Plaintiff Michael Christie**

*/s/ Laurence M. Rosen*
Laurence M. Rosen
Florida Bar Number:  182877
E-mail:  lrosen@rosenlegal.com
THE ROSEN LAW FIRM
275 Madison Avenue, 34th Floor
New York, NY  10016
Tel:  212-686-1060
Fax:  212-202-3827

**Attorney for Plaintiff Will Brown**

*/s/Scott D. Richburg*
Scott D. Richburg
Florida Bar Number:  64475
E-mail:  srichburg@foley.com
FOLEY & LARDNER, LLP
1 Independent Drive, Suite 1300
P.O. Box 240
Jacksonville, FL  32202-0240
Tel:  904-359-2000
Fax:  904-359-8700

**Attorney for Defendant Paul G. Boynton**

*/s/John R. Chiles*
John R. Chiles
Florida Bar Number:  12539
E-mail:  jchiles@burr.com
BURR & FORMAN, LLP
350 E. Las Olas Blvd., Suite 1420
Ft. Lauderdale, FL  33301-2223
Tel:  954-414-6200
Fax:  954-414-6201

**Attorney for Defendant
Hans E. Vanden Noort**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 6, 2015, I electronically filed the foregoing

Renewed Agreed Motion to Consolidate and Designate Caption For Related Cases with the

Clerk of the Court using CM/ECF, which will deliver the document to all counsel of record.


*/s/ Charles M. Trippe, Jr.*
Charles M. Trippe, Jr.
Attorney for Defendants Rayonier Inc.,
H. Edwin Kiker, and David L. Nunes