## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

MARY SATING, individually and on
behalf of all others similarly situated,

     Plaintiff,

v.                                          Case No. 3:14-cv-1395-J-32JBT

RAYONIER INC., <u>et</u> <u>al</u>.,

     Defendants.

_____

SAMUEL KEASLER, individually and
on behalf of all others similarly
situated,

     Plaintiff,

v.                                          Case No. 3:14-cv-1398-J-32PDB

RAYONIER INC., <u>et</u> <u>al</u>.,

     Defendants.

_____

LAKE WORTH FIREFIGHTERS'
PENSION TRUST FUND, on behalf of
itself and all others similarly situated,

     Plaintiff,

v.                                          Case No. 3:14-cv-1403-J-32MCR

RAYONIER INC., <u>et</u> <u>al</u>.,

     Defendants.

_____

MICHAEL CHRISTIE, individually
and on behalf of all others similarly
situated,

      Plaintiff,

v.                                                               Case No. 3:14-cv-1429-J-32MCR

RAYONIER INC., <u>et</u> <u>al</u>.,

      Defendants.
_____

WILL BROWN, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.                                                               Case No. 3:14-cv-1474-J-32JRK

RAYONIER INC., <u>et</u> <u>al</u>.,

      Defendants.
_____

## **O R D E R**

These cases are before the Court on the Renewed Agreed Motion to Consolidate and Designate Caption for Related Cases and the Joint Notice Pursuant to Order of December 23, 2014, filed in each of these cases on January 6, 2015. (<u>Sating v. Rayonier, Inc.</u>, 3:14-cv-1395-J-32JBT, Doc. 31; <u>Keasler v. Rayonier, Inc.</u>, 3:14-cv-1398-J-32PDB, Doc. 18; <u>Lake Worth Firefighters' Pension Trust Fund v. Rayonier, Inc.</u>, 3:14-cv-1403-J-32MCR, Doc. 19; <u>Christie v. Rayonier, Inc.</u>, 3:14-cv-1429-J-32MCR, Doc. 32; <u>Brown v. Rayonier, Inc.</u>, 3:14-cv-1474-J-32JRK, Doc. 20.) The parties in four of these five related securities class actions had previously moved to consolidate all the cases before one judge and under one caption and complaint and to proceed with a specified case

2

schedule. The Court determined that motion was moot to the extent the cases all been reassigned to the undersigned, but otherwise took the motion under advisement until the parties could advise as to whether the one remaining case, <u>Brown</u>, should be included in the consolidated matter as well.

In the renewed motion and joint notice, the parties in all five cases now agree that <u>Brown</u> should be consolidated with the other cases. Upon due consideration, the Court agrees that all these cases should be consolidated under one caption and complaint pursuant to Federal Rule of Civil Procedure 42 and consistent with 15 U.S.C. § 78-u-4(a)(3)(B)(ii).

The Court also largely agrees with the outline of parties' proposed plan for proceeding with the initial stages of the case. However, the parties are advised that assignment of newly-filed cases is made at random, and that there is no mechanism to "automatically consolidate" new cases that might "raise the same or similar issues against all or some of the Defendants" as the parties' propose. Instead, the Local Rules direct that counsel of record has "a continuing duty promptly to inform the Court and counsel of the existence of" similar or related cases by filing and serving a "Notice of Pendency of Related Actions." M.D. Fla. R. 1.04(d).

Accordingly, it is hereby

**ORDERED**:

1.      The Agreed Motion to Transfer and Consolidate Related Cases and Designate Caption for Consolidated Cases (<u>Sating v. Rayonier, Inc.</u>, 3:14-cv-1395-J-32JBT, Doc. 20; <u>Keasler v. Rayonier, Inc.</u>, 3:14-cv-1398-J-32PDB, Doc. 10; <u>Lake Worth</u>

Firefighters' Pension Trust Fund v. Rayonier, Inc., 3:14-cv-1403-J-32MCR, Doc. 13;

Christie v. Rayonier, Inc., 3:14-cv-1429-J-32MCR, Doc. 8) is **MOOT**.

      2.    The Renewed Agreed Motion to Transfer and Consolidate Related Cases and Designate Caption for Consolidated Cases (Sating v. Rayonier, Inc., 3:14-cv-1395-J-32JBT, Doc. 31; Keasler v. Rayonier, Inc., 3:14-cv-1398-J-32PDB, Doc. 18; Lake Worth Firefighters' Pension Trust Fund v. Rayonier, Inc., 3:14-cv-1403-J-32MCR, Doc. 19; Christie v. Rayonier, Inc., 3:14-cv-1429-J-32MCR, Doc. 32; Brown v. Rayonier, Inc., 3:14-cv-1474-J-32JRK, Doc. 20) is **GRANTED** to the extent set forth below.

      3.    The above-captioned cases are **CONSOLIDATED** for all purposes under Case No. 3:14-cv-1395-J-32JBT and the following caption:

In re Rayonier Inc. Securities
Litigation
                                     Case No. 3:14-cv-1395-J-32JBT

_____

      4.    The Clerk should terminate all pending deadlines and motions in Case Nos. 3:14-cv-1398-J-32PDB, 3:14-cv-1403-J-32MCR, 3:14-cv-1429-J-32MCR, and 3:14-cv-1474-J-32JRK, and close the cases.

      5.    The Clerk should re-designate Case No. 3:14-cv-1395-J-32JBT as a Track Three case. The deadline for the parties to meet and to file the required Case Management Report is suspended, however, until further order of the Court.

      6.    The January 20, 2015 deadline for plaintiffs to file an amended complaint in Case No. 3:14-cv-1395-J-32JBT remains suspended. The Court will set a deadline to file a consolidated complaint and a briefing schedule for any motion to dismiss in any

order appointing lead plaintiff and lead counsel.

      **DONE AND ORDERED** at Jacksonville, Florida this 8th day of January, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

bjb
Copies:

Counsel of record